Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| SORAYA IVELISSE VELÁZQUEZ GÓMEZ<br><br>Recurrida<br><br>v.<br><br>ICON MANAGEMENT, LLC<br><br>Recurrido | TA2026CE00612 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2025CV01691 (801)<br><br>Sobre: Libelo, Calumnia o Difamación; Cobro de Dinero - Ordinario |
|---|---|---|

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de mayo de 2026.

Comparece ante nos ICON Management, LLC ("ICON" o "Parte Peticionaria") mediante escrito intitulado *Certiorari Interlocutorio* presentado el 14 de mayo de 2026. Nos solicita la revisión de la *Orden* emitida y notificada el 15 de abril de 2026, por el Tribunal de Primera Instancia, Sala Superior de Caguas ("foro primario" o "foro *a quo*"). Por virtud del referido dictamen, el foro primario declaró *No Ha Lugar* la *Moción en Solicitud de Orden Relacionada con Casos Aquí Identificados, y en Particular para la Producción del Expediente Confidencial del Caso Núm. CG2023RF00703* radicada por la Parte Peticionaria.

Por los fundamentos que expondremos a continuación, **denegamos** la expedición del auto de *certiorari*.

### I.

El 28 de julio de 2025, la señora Soraya I. Velázquez Gómez ("señora Velázquez Gómez" o "Parte Recurrida") instó *Demanda*

*Enmendada* sobre daños y perjuicios, difamación y despido por represalia contra ICON.[1] En síntesis, alegó que "trabajó con la demandada del 19 de abril al 15 de noviembre de 2024 administrando el proyecto Ciudad Jardín, en Gurabo".[2] Sin embargo, adujo que fue despedida de dicho proyecto por motivos de represalia tras presentar varias querellas contra sus supervisores.[3] A su vez, arguyó que ICON incurrió en difamación al expresar falsamente ante una agencia que la Recurrida se apropió de doscientos cincuenta y tres dólares con veintiocho centavos ($253.28) en *petty cash*.[4] Según expuso en sus alegaciones, esta situación le ha causado daños económicos y emocionales a nivel familiar, pues su hijo no le permite actualmente relacionarse con su nieta.

Ante tales alegaciones, el 19 de agosto de 2025, ICON radicó *Contestación a la Demanda Enmendada*, en la cual negó la mayoría de las alegaciones levantadas en su contra.[5] En esencia, argumentó que la señora Velázquez Gómez no se desempeñó de conformidad con las expectativas de su puesto, por lo que, adujo que no incurrió en conducta constitutiva de represalia. Por tanto, señaló que la reclamación instada en su contra es frívola y temeraria, por lo que, peticionó su desestimación, o en su alternativa, que se declarara *No Ha Lugar* la *Demanda*.

Iniciados los procedimientos judiciales, el foro primario celebró *Conferencia Inicial* el 6 de abril de 2026. Surge de la *Minuta* que, la representación legal de ICON informó que solicitaría tener acceso al expediente de un caso confidencial, en el cual la señora Velázquez es parte:

---

[1] *Véase*, SUMAC TPI, Entrada 13.
[2] *Véase*, SUMAC TPI, Entrada 13, pág. 1.
[3] *Véase*, SUMAC TPI, Entrada 13, pág. 1.
[4] *Véase*, SUMAC TPI, Entrada 13, pág. 2.
[5] *Véase*, SUMAC TPI, Entrada 17.

> [E]l licenciado Valiente[6] expresó que no tiene noticias positivas que añadir. Solicitará un término de 10 días para presentar un interrogatorio dirigido a la parte demandante. **Adelanta que solicitará una orden al Tribunal para que se elimine la confidencialidad a unos procedimientos judiciales que se están llevando a cabo no relacionados a este caso sobre una disputa familiar de la parte demandante con su hijo. Esta solicitud es como parte de lo que se alega en la demanda presentada donde se indica que se afectaron las relaciones entre abuelo-nieto.** Luego de ello, se estaría llevando a cabo las deposiciones en unos 60 días.
>
> **El licenciado Rivera[7] presentó oposición en cuanto a que se abra el proceso privado y solicitó hasta el 13 de abril de 2026 para presentar su segundo interrogatorio.**
>
> **Luego del Tribunal escuchar la posición de los representantes legales, estableció el cierre del descubrimiento de prueba para el 31 de julio de 2026.** Señaló la conferencia con antelación a juicio y vista transaccional para el 9 de septiembre de 2026 a las 10:00 a.m. de manera presencial junto con las partes y el Juicio en su Fondo para el 30 de septiembre de 2026 y 1 de octubre de 2026 a las 9:30 a.m. presencial.[8] (Énfasis nuestro y citas omitidas).

Según adelantó, el 15 de abril de 2026, ICON presentó *Moción en Solicitud de Orden Relacionada con Casos Aquí Identificados, y en Particular para la Producción del Expediente Confidencial del Caso Núm. CG2023RF00703.*[9] Contextualizó que, la señora Velázquez Gómez alegó en su reclamación que las actuaciones atribuidas a ICON le han provocado graves angustias mentales y sufrimientos a nivel familiar. A los fines de investigar tal asunto, la Parte Peticionaria solicitó tener acceso al expediente confidencial del Caso Núm. CG2023RF00703, en el cual la Recurrida es parte. Para respaldar su petición, explicó que dicho expediente puede contener determinaciones pertinentes a la causa de acción sobre daños emocionales presentada en la *Demanda* de epígrafe.

En igual fecha, el foro primario notificó *Orden,* mediante la cual declaró *No Ha lugar* la referida petición:

> **El descubrimiento de prueba <u>brinda la amplitud de investigación necesaria</u> que hacen innecesario la divulgación de un expediente que envuelve asuntos**

---

[6] Representante legal de la Parte Peticionaria.
[7] Representante legal de la Parte Recurrida.
[8] *Véase*, SUMAC TPI, Entrada 39, págs. 1-2.
[9] *Véase*, SUMAC TPI, Entrada 41.

**controvertibles familiares. <u>Máxime cuando ese caso, al que se hace referencia, está bajo el seguimiento actual de la Sala de Familia a cargo</u>**. (Énfasis nuestro).[10]

Oportunamente, el 20 de abril de 2026, la Parte Peticionaria sometió *Moción de Reconsideración,* en la cual sostuvo que el foro primario erró al no concederle acceso al expediente del caso confidencial.[11] Razonó que, si no se produce la información solicitada, entonces la señora Velázquez Gómez deberá excluir los argumentos expuestos de los alegados daños emocionales que experimentó a nivel familiar tras la ocurrencia del despido.

Examinada su solicitud, el foro *a quo* dictó *Resolución* notificada el 20 de abril de 2026, en la cual declaró *No Ha Lugar* la reconsideración presentada por la Parte Peticionaria.[12]

Inconforme, el 14 de abril de 2026, ICON recurre ante nos mediante recurso intitulado *Certiorari Interlocutorio,* en el cual esboza los siguientes señalamientos de error:

> Erró el TPI al denegar de plano, y luego rehusar reconsiderar, la solicitud de acceso controlado al expediente confidencial del caso CG2023RF00703, a pesar de que la propia parte peticionaria colocó en controversia una teoría específica de daños familiares, de que el expediente solicitado versa sobre materia directamente relacionada con esa alegación y de que el ordenamiento dispone mecanismos menos onerosos que una negativa absoluta, tales como inspección in camera, producción parcial, redacción, sellado y acceso limitado.

> Erró el TPI al permitir que la parte recurrida mantenga intacta una reclamación de daños basada en la alegada afectación de su relación con su hijo y con su nieta, mientras simultáneamente se priva a ICON de la fuente documental más directa para examinar causalidad, cronología, credibilidad y cuantía de esos daños, sin ordenar remedio alterno alguno, incluyendo la renuncia, desistimiento o exclusión de esa partida específica de daños.

En igual fecha, la Parte Peticionaria radicó ante nos *Moción en Auxilio de Jurisdicción*. En esencia, peticionó que se suspendiesen los procedimientos ante el foro *a quo* en la medida en

---

[10] *Véase*, SUMAC TPI, Entrada 43, pág. 1.

[11] *Véase*, SUMAC TPI, Entrada 45.

[12] *Véase*, SUMAC TPI, Entrada 47.

que dependan o incidan sobre la partida relacionada con los daños familiares.

Luego de evaluar su recurso, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la Parte Recurrida en aras de brindar un despacho justo y eficiente. Véase, Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

## II.
### A. Recurso de certiorari

Es norma reiterada que, "una resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). Véase, también, *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 251 (2012). Así, pues, el auto *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Caribbean Orthopedics v. Medshape, et al..*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). Véase, también, Artículo 670 del Código de Enjuiciamiento Civil, Ley Núm. 6 del 31 de marzo de 1933, 32 LPRA sec. 3491, según emendada. La característica distintiva de este recurso "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

Ahora bien, el ejercicio de nuestra discreción judicial no es irrestricto. A tales efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias que activan nuestras

facultades revisoras ante las resoluciones y las órdenes interlocutorias:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

A pesar de que la Regla 52.1 de Procedimiento Civil, *supra*, permite revisar las determinaciones interlocutorias recurridas, "la expedición del auto y la adjudicación en sus méritos es discrecional". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). En armonía con lo anterior, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, fija los criterios para la expedición de un auto de *certiorari*:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estas consideraciones orientan la función del foro apelativo para ejercer sabiamente nuestra facultad discrecional. *Rivera et al.*

*v. Arcos Dorados et al., supra,* pág. 209. Ello, pues, nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración en tal ejercicio discrecional. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 849 (2023). Por tanto, los tribunales revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 771 (2013).

## III.

Luego de examinar sosegadamente el recurso ante nos, determinamos que no se han producido las circunstancias que ameriten nuestra intervención. No identificamos indicios de prejuicio, parcialidad, abuso de discreción o error manifiesto por parte del foro primario que exijan activar nuestra facultad revisora en esta etapa interlocutoria. En efecto, la Parte Peticionaria no demostró que el foro *a quo* excedió en el ejercicio de su discreción, ni que incidió en la interpretación o aplicación del derecho. Tampoco constató que, al abstenernos de interferir en la determinación recurrida constituiría un fracaso a la justicia.

En fin, no encontramos las circunstancias jurídicas exigidas que nos permitan intervenir en el dictamen aquí impugnado, a la luz de los criterios establecidos en la Regla 52.1 de Procedimiento Civil, *supra,* y la Regla 40 del Tribunal de Apelaciones, *supra.* Por todo lo cual, denegamos la expedición del auto de *certiorari* peticionado.

## IV.

Por los fundamentos que anteceden, ***denegamos*** la expedición del auto de *certiorari* solicitado. Por el resultado

alcanzado, declaramos *No Ha Lugar* la *Moción en Auxilio de Jurisdicción.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones